# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAVIN O'FERRAL,<br><br>   Petitioner,<br><br> v.<br><br>KNIPP, Warden, et al.,<br><br>   Respondent. | 1:12-cv-00200-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN UNITED STATE DISTRICT JUDGE TO CASE<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  The petition was filed on January 18, 2012 in the Sacramento Division of this Court and transferred to the Fresno Division on February 13, 2012. (Docs. 1 & 6). The petition challenges his 1997 conviction in Fresno County Superior Court for possession of a controlled substance (Cal. Health & Safety §§ 11372.5 & 11350), and his resulting sentence of 26 years-to-life. (Doc. 1, p. 1).

  In the petition, Petitioner acknowledges that he has previously filed two other federal habeas petitions in this Court challenging the same 1997 conviction, the first having been denied on June 13, 2001 and the second on August 14, 2002. The Court was unable to verify this through the

Court's own electronic docketing system; however, Petitioner has made these allegations under penalty of perjury, and, thus, the Court accepts them as true for purposes of conducting this preliminary screening.

## DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements that allow a petitioner to file a second or successive petition, but rather the Ninth Circuit. Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). While conceding that he has twice before filed federal habeas petitions challenging his 1997 conviction, Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this, his third federal habeas petition attacking

his 1997 Fresno County conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

**ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1.  The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as successive.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **February 16, 2012**                    /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE