UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CAVIN O'FERRAL, | ) | 1:12-cv-00200-LJO-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER WITHDRAWING FINDINGS AND |
| | ) | RECOMMENDATIONS OF FEBRUARY 27, |
| v. | ) | 2012 (Doc. 9) |
| | ) | |
| | ) | ORDER TO SHOW CAUSE WHY THE |
| KNIPP, Warden, et al., | ) | PETITION SHOULD NOT BE DISMISSED |
| | ) | AS UNTIMELY |
| Respondent. | ) | |
| | ) | ORDER DIRECTING THAT PETITIONER |
| | | FILE A RESPONSE WITHIN THIRTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition was filed on October 28, 2011[1] in the Sacramento Division of this Court and

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition as the operative date of filing under the mailbox rule for calculating

transferred to the Fresno Division on February 13, 2012. (Docs. 1 & 6). The petition challenges his 1997 conviction in Fresno County Superior Court for possession of a controlled substance (Cal. Health & Safety §§ 11372.5 & 11350), and his resulting sentence of 26 years-to-life. (Doc. 1, p. 1).

In the petition, Petitioner alleges that he has previously filed two other federal habeas petitions in this Court challenging the same 1997 conviction, the first having been denied on June 13, 2001 and the second on August 14, 2002.[2] The Court was unable to verify this through the Court's own electronic docketing system; however, because Petitioner made those allegations under penalty of perjury, the Court accepted them as true for purposes of conducting its preliminary screening.

Accordingly, on February 17, 2012, the Court issued Findings and Recommendations to dismiss the petition as a second and successive petition because Petitioner had not established that he had obtained prior permission of the United States Court of Appeals, Ninth Circuit, to file a second or successive petition. 28 U.S.C. § 2244(b)(2)(A)-(B); see Felker v. Turpin, 518 U.S. 651, 656-657 (1996). The Findings and Recommendations afforded Petitioner twenty days within which to file objections. On March 7, 2012, Petitioner filed objections in which he raised several equitable arguments for allowing matters to proceed. More importantly, however, Petitioner provided the case number of his prior federal petition, case no. 1:00-cv-05537-HGB. That petition was filed by Petitioner on April 5, 2000, and was eventually dismissed without prejudice on June 13, 2001, after Petitioner had failed to file an amended petition containing only unexhausted claims, as required by the Court. Since a petition is not a "second or successive" petition when the prior petition was dismissed for failure to exhaust state remedies and the new petition raises those same claims, Slack v. McDaniel, 529 U.S. 473, 487, 120 S.Ct. 1595 (2000), the Court, for screening purposes, will give Petitioner the benefit of the doubt by assuming that the claims raised herein and those raised in the prior petition are the same. Accordingly, the Court will withdraw the prior Findings and

---

the running of the statute of limitation. Petitioner's proof of service for the instant petition is dated October 28, 2011. (Doc. 1, p. 23).

[2] It appears that, in Petitioner's objections to the Findings and Recommendations, Petitioner now only alleges having filed one prior federal petition, which was dismissed, and then a motion to reconsider the dismissal of that petition, which, in the original petition, Petitioner apparently counted as a separate petition.

Recommendations in order to address the potentially fatal question of untimeliness.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on October 28, 2011, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

>  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>       (A) the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on June 16, 1997. (Doc. 1, p. 1). Petitioner filed a petition for review that was denied by the California Supreme Court on March 24, 1999. (Doc. 1, p. 2). Thus, direct review would have concluded on June 22, 1999, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, June 23, 1999, or until June 22, 2000, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was not filed until October 28, 2011, over eleven years after the one-year period would have expired. Accordingly, unless Petitioner is entitled to substantial statutory and equitable tolling sufficient to account for the eleven-year delay, the petition is untimely and must be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531

U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

     Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

     Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in the Superior Court of Fresno County on April 11, 2011, and denied on June 13, 2011;[3] (2) petition

---

[3] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

1  filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on August 5, 2011, and
2  denied on August 18, 2011; and (3) filed in the California Supreme Court on August 31, 2011, and
3  denied on October 12, 2011.  (Doc. 1, pp. 11-16).

4        Unfortunately, Petitioner is not entitled to statutory tolling for these three petitions, even
5  assuming, arguendo, that they were "properly filed" within the meaning of the AEDPA because they
6  were filed after the one-year period had already expired.  A petitioner is not entitled to tolling where
7  the limitations period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d
8  1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199
9  F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section
10 2244(d) does not permit the reinitiation of the limitations period that has ended before the state
11 petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to
12 exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).
13 Here, as mentioned, the limitations period expired on June 22, 2000, almost eleven years *before*
14 Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory
15 tolling provisions of the AEDPA.

16       D.  Equitable Tolling

17       The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to
18 equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561
19 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation
20 period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control
21 make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090
22 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than
23 a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the
24 statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).
25 "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1)
26 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in
27 his way."   Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807
28 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the

1  exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation
2  omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at
3  1107.

4  Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on
5  the record now before the Court, the Court sees no basis for such a claim.  Accordingly, the Court
6  makes a preliminary determination that Petitioner is not entitled to equitable tolling.  Thus, it appears
7  that the petition is untimely and should be dismissed.

8  However, pursuant to the Ninth Circuit's mandate, Petitioner will be afforded an opportunity
9  to file a Response to this Order to Show Cause, in which Petitioner may present additional evidence
10 to establish either that the Court's facts are in error or that they are incomplete, i.e., that Petitioner is
11 entitled to additional statutory or equitable tolling not considered in the above analysis.  If the
12 Response fails to establish facts sufficient to support a conclusion that the petition is timely, the
13 Court will recommend that the petition be dismissed.

### ORDER

Accordingly, it is HEREBY ORDERED as follows:

1. The Findings and Recommendations dated February 17, 2012 (Doc. 9), are WITHDRAWN; and,
2. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:  **March 22, 2012**                    /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE