UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAVIN O'FERRAL,<br><br>        Petitioner,<br><br>   v.<br><br>KNIPP, Warden, et al.,<br><br>        Respondents. | Case No.: 1:12-cv-00200-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on November 3, 2011.[1] After a preliminary review of the

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the

1

petition indicated that the petition may be untimely, the Court, on March 22, 2012, issued an Order to Show Cause why the petition should not be dismissed and Petitioner was afforded thirty days within which to file a response. (Doc. 12). On April 23, 2012, Petitioner filed his response. (Doc. 13).

///

**DISCUSSION**

A.  Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the March 22, 2012 Order to Show Cause, the Court afforded Petitioner the notice required by the Ninth Circuit in Herbst.

B.  Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on November 3, 2011, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

---

petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner's proof of service was dated November 3, 2011. (Doc. 1, p. 23).

petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on June 16, 1997. (Doc. 1, p. 1). Petitioner filed a petition for review that was denied by the California Supreme Court on March 24, 1999. (Doc. 1, p. 2). Thus, direct review would have concluded on June 22, 1999, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, June 23, 1999, or until June 22, 2000, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on November 3, 2011, over eleven years after the date the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

      C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the

1 reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v.
2 White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling
3 when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165,
4 1166 (9th Cir. 2006).

5     Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in
6 the Superior Court of Fresno County on April 11, 2011, and denied on June 13, 2011;[2] (2) petition
7 filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on August 5, 2011, and
8 denied on August 18, 2011; and (3) petition filed in the California Supreme Court on August 31, 2011,
9 and denied on October 12, 2011. (Doc. 1, pp. 11-16).

10     Unfortunately, Petitioner is not entitled to statutory tolling for these three petitions, even
11 assuming, arguendo, that they were "properly filed" within the meaning of the AEDPA because they
12 were all filed after the one-year period had already expired. A petitioner is not entitled to tolling
13 where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223
14 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore,
15 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir.
16 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before
17 the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to
18 exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).
19 Here, as mentioned, the limitations period expired on June 22, 2000, almost eleven years *before*
20 Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory
21 tolling provisions of the AEDPA.

22     D.  Equitable Tolling.

23     The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable
24 tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon
25 v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to

---

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. Accordingly, Petitioner is not entitled to equitable tolling. Thus, the petition is untimely and should be dismissed.

However, in his response to the Order to Show Cause, Petitioner argues, for the first time, that the petition is timely because it was filed within one year of the United States Supreme Court's decision in Padilla v. Kentucky, __U.S.__, 130 S.Ct. 1473 (2010), which, Petitioner contends, is the basis of his claim herein. (Doc. 13, p. 1). In Padilla, the Court set aside a plea offer because counsel had misinformed the defendant of the plea's immigration consequences. The Supreme Court made clear that "the negotiation of a plea bargain is a critical" stage for ineffective assistance purposes and rejected the argument that a knowing and voluntary plea supersedes defense counsel's errors. Padilla, 130 S.Ct. at 1392, 1486.

Petitioner's argument is unpersuasive. First, Padilla was decided on March 31, 2010. A review of Petitioner's state habeas petition in the Fresno Superior Court indicates that he filed that petition on April 4, 2011, long after Padilla was decided. However, the state court's decision does not indicate that Petitioner ever raised Padilla or cited it as a basis for his claim in state court. Indeed, Petitioner's state claims appear to be two-fold: (1) the trial court improperly sentenced Petitioner

1  under California's Three Strikes Law; and (2) at his 1997 trial, the judge improperly found and
2  "proved" Petitioner's prior convictions without submitting those factual questions to a jury, as
3  required by the later line of U.S. Supreme Court cases starting with Apprendi v. New Jersey, 530 U.S.
4  466, 120 S.Ct. 2348 (2000). (Doc. 1, pp. 11-12).  It does not appear that Petitioner ever raised any
5  claim of ineffective assistance of counsel premised upon Padilla.  If Petitioner raised Padilla in his
6  subsequent petitions in state court, he has provided no proof of that fact in the record now before the
7  Court.  Accordingly, it appears that any ineffective assistance claim based on Padilla would be
8  unexhausted, both factually and legally.

9        Second, at present, the circuits are split on whether Padilla is retroactive.  E.g., United States v.
10 Orocio, 645 F.3d 630 (3d Cir. 2011)(retroactive); United States v. Chang Hong, 671 F.3d 1147 (10th
11 Cir. 2011)(not retroactive).  To date, the Ninth Circuit, whose precedents control this Court's
12 decisions, has not ruled on the matter, nor has the United States Supreme Court.  More importantly,
13 however, it does not appear to the Court that Padilla is relevant in any way to the claims in the instant
14 petition, and, hence, it cannot trigger the one-year limitation period under § 2244(d)(1)(C).  In the
15 instant petition, Petitioner raises the same two claims he raised in the Superior Court; (1) the trial court
16 erred in using his prior convictions under the Three Strikes law because in the plea agreements that
17 resulted in Petitioner's prior convictions, their use in the future as sentence enhancements was never
18 addressed or agreed to; and (2) the trial court improperly enhanced Petitioner's sentence by failing to
19 submit the issue of his prior convictions to a jury. (Doc. 1, pp. 4-5).  Petitioner raises no claim of
20 ineffective assistance of counsel, which is the issue in Padilla.  Padilla's holding has no impact upon
21 the claims raised by Petitioner in the instant petition since Petitioner is not alleging ineffective
22 assistance of counsel.  Therefore, regardless of whether Padilla is retroactive or not, it cannot be a
23 basis for triggering the one-year limitation period in this case. 28 U.S.C. § 2244(d)(1)(C).

24       The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently
25 tolled, whether statutorily or equitable, rests with the petitioner.  See, e.g., Pace v. DiGuglielmo, 544
26 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297
27 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons
28

discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to the tolling issue. Accordingly, the petition is late and should therefore be dismissed.

///

///

///

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 25, 2012**             **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE