# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAVIN O'FERRAL, | Case No.: 1:12-cv-00200-LJO-JLT |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 19) |
| v. | |
| KNIPP, Warden, et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

The instant petition was filed on January 18, 2012. (Doc. 1). On June 25, 2012, the Magistrate Judge entered Findings and Recommendations to dismiss the petition as untimely. (Doc. 14). Those Findings and Recommendations gave Petitioner twenty days within which to file objections. The

1

Clerk of the Court filed a document submitted by Petitioner on June 25, 2012, that was captioned by the Clerk as "objections." (Doc. 15). On July 13, 2012, after reviewing the document designated Petitioner's "objections," the Court adopted the Findings and Recommendations and entered judgment. (Docs. 16 & 17). On July 19, 2012, after the expiration of the twenty-day period for filing objections to the Findings and Recommendations, Petitioner belatedly filed his objections. (Doc. 18). On July 30, 2012, Petitioner filed the instant motion for reconsideration, based primarily on his assertion that his objections should have been considered by the Court. (Doc. 19).

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment.  Moreover, pursuant to the Court's Local Rules, Petitioner has not shown  "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion."    Local Rule 230(j). (Emphasis supplied).

Indeed, Petitioner fully set forth his position in his response to the April 23, 2012 Order to Show Cause, which initially raised the Court's concern that the petition was untimely.  (Doc. 13). Petitioner has repeated those same assertions in both his untimely objections to the Findings and Recommendations as well as in the instant motion for reconsideration.  Nothing in any of Petitioner's arguments, however, changes the view of this Court regarding either the date the statute of limitations commenced to run, the fact that the petition is untimely, or the lack of relevance of Padilla v. Kentucky, __U.S.__, 130 S.Ct. 1473 (2010), as a trigger date under 28 U.S.C. § 2244(d)(1), for assessing the timeliness of the claims Petitioner sought to raise in his federal petition.  Even if Petitioner had timely filed his objections, it would not have altered the Court's decision to adopt the Magistrate Judge's Findings and Recommendations and enter judgment against Petitioner.  The petition is untimely under federal law.

3

In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 19), is DENIED.

IT IS SO ORDERED.

Dated:   **August 2, 2012**                             **/s/ Lawrence J. O'Neill**
                                                                        UNITED STATES DISTRICT JUDGE